UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| AARON ROSS BUELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:14-CV-05-HAI |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) ) | |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff, Aaron Ross Buell, brings this action pursuant to 42 U.S. §§ 405(g) and 1383(c) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). The parties each filed a notice of consent to the referral of this matter to a magistrate judge. D.E. 11; 12. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. D.E. 13. The Court, having reviewed the record and for the reasons stated herein, will deny Plaintiff's Motion for Summary Judgment (D.E. 18) and grant the Commissioner's Motion for Summary Judgment (D.E. 19).

## I.  BACKGROUND

Buell filed an application for SSI on February 4, 2011. D.E. 8 at 1. He alleges disability beginning on January 27, 2011 (D.E. 18-1 at 1), due to problems with anxiety, learning disabilities, and cancer (D.E. 8-1 at 37). Buell's claim was denied initially and upon reconsideration. *Id*. at 17. Subsequently, at Buell's request, an administrative hearing was

conducted before Administrative Law Judge Tommye C. Mangus ("ALJ") on August 30, 2012. *Id*. During the hearing, the ALJ heard testimony from Buell and vocational expert Julian M. Nadolsky ("VE"). *Id*. Buell, who was twenty-three years old as of the alleged onset date, has a high school education. *Id*. at 25. Although Buell has no past relevant work experience, the VE testified that jobs exist in significant numbers in the national economy that Buell could perform, and the ALJ accepted that testimony. *Id*. at 25-26.

In evaluating a claim of disability, an ALJ conducts a five-step sequential analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). If a claimant is not found disabled at step 3, the ALJ must determine the claimant's residual functional capacity, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520(e). Fourth, if a claimant's

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

2

impairments do not prevent him from doing past relevant work (given the ALJ's assessment of his residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Buell has not engaged in substantial gainful activity since February 4, 2011, the date the application was protectively filed. D.E. 8-1 at 19. At Step 2, the ALJ found that Buell has the following severe impairments: "borderline intellectual functioning, learning disability, a history of skin cancer, and anxiety." *Id*. At Step 3, the ALJ found that Buell's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 21. At Step 4, the ALJ determined that Buell:

> [H]as the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand and remember simple instructions requiring brief initial learning periods; maintain attention and concentration for simple instructions requiring little independent judgment and involving minimal variations; tolerate occasional, casual contact with others in a task-focused work setting; and adapt to work place changes that are occasional and gradually introduced.

*Id*. at 23. The ALJ found that Buell has no past relevant work. *Id*. at 25. At step 5, the ALJ relied on the testimony of VE to find that, based on Buell's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Buell could perform. *Id*. at 25-26. Accordingly, on September 28, 2012, the ALJ issued an unfavorable decision, finding that Buell was not disabled, and therefore, ineligible for SSI. The Appeals Council declined to review the ALJ's decision on November 19, 2013 (*Id*. at 5-8), and Buell now seeks judicial review in this Court.

## II. DISCUSSION

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

## A. Claim that the ALJ erred in failing to find that Buell meets the criteria of 12.05(c).

Buell's motion first argues that the ALJ erred in failing to find that his intellectual impairments satisfied the criteria of Listing 12.05(C). D.E. 18-1 at 6-8. By meeting all the criteria set forth in Listing 12.05(C), a claimant may demonstrate that he suffers from mental retardation under the Listing of Impairments, so as to qualify for benefits. In order to satisfy the requirements of Listing 12.05(C), a claimant must show:

> (1) he experiences "significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period" (i.e., the diagnostic description); (2) he has a "valid verbal, performance, or full scale IQ of 60 through 70"; and (3) he suffers from "a physical or other mental impairment imposing an additional and significant work-related limitation of function."

*West v. Comm'r Soc. Sec. Admin.*, 240 F. App'x 692, 697-98 (6th Cir. 2007) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C); *Foster v. Halter,* 279 F.3d 348, 354–55 (6th Cir. 2001); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)). From the introductory paragraph of Listing 12.05, a claimant must be able to show that "the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

Buell was confronted with the burden at step 3 to demonstrate that his impairment met or equaled all of the requirements of Listing 12.05(C). *See Jones*, 336 F.3d at 474. To carry that burden, Buell was required to demonstrate that he met *each* criterion of the listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

In her written decision, the ALJ expressly considered Buell's impairments when addressing whether Buell meets the requirements of Listings 12.02, 12.05, or 12.06, and found that Buell failed to carry his burden to show he met any of those listings' criteria. D.E. 8-1 at 22.

In relevant part, the ALJ specifically found that Buell did not satisfy the "paragraph C" criteria of Listing 12.05, "because IQ scores pre-age 22 were in the borderline range of intellectual functioning ,[sic] specifically, verbal IQ of 89, performance IQ of 83, and full scale IQ of 85." *Id*. at 23 (citing "Ex. 1F").[2] The scores cited by the ALJ were produced by the administration of the WAIS-IV in January 1997, at which time Buell was nine years old. D.E. 8-1 at 232. Further, Buell himself reported that he was not disabled prior to age 22. D.E. 8-1 at 129. As such, the record does not reflect that Buell earned "[a] valid verbal, performance, or full scale IQ of 60 through 70" prior to the date Buell attained the age of 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

Though Buell's Motion for Summary Judgment cites numerous IQ scores within the range of 60-70, none of the cited tests were conducted within the relevant period. *See* D.E. 18-1 at 6. Buell argues that, nevertheless, "[t]he overall school records taken as a whole support the most recent IQ findings." *Id*. at 7. Buell notes that he was placed in special education, had to repeat grades, scored novice and apprentice on standardized testing, and had a learning disorder. *Id*. However, the ALJ noted that Defendant was a regular student in high school and successfully graduated. D.E. 8-1 at 22; 35. Relying on the 1997 WAIS-IV scores, the ALJ found that Buell did not meet the element requiring "significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period" as required by 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.05; D.E. 8-1 at 23. Given the 1997 IQ scores relied upon by the ALJ, the absence of contradicting IQ scores in the record during the developmental period, and Buell's own assessment that he was not

---

[2] It appears that "Ex. 1F" refers to Exhibit B1F, found at pages 226-261 of Docket Entry 8-1. The IQ scores identified by the ALJ appear at D.E. 8-1 at 232.

disabled prior to age 22, the Court finds substantial evidence in the record supporting the ALJ's determination that Buell's impairments fail to meet the criteria of Listing 12.05(C).

### B. Claim that the ALJ's determination that Buell is not disabled is not supported by substantial evidence.

Although Buell argues that substantial evidence does not support the ALJ's determination, he does not identify any particular finding or conclusion that he seeks to challenge for this reason. Where a claimant has failed to specifically identify alleged error, the Sixth Circuit has:

> decline[d] to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [claimant] appears to raise in [his] brief on appeal.

*Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and quotation marks omitted).

After reciting the legal standard applicable to the case, Buell's argument consists of the following:

> [i]t is the contention of the Plaintiff under these standards of review that there is not substantial evidence to support the denial of his application for security benefits. The objective medical evidence unequivocally documents that the Plaintiff has several conditions which are disabling.

D.E. 18-1 at 8-9. However, "[t]his challenge warrants little discussion, as [Buell] has made little effort to develop this argument in [his] brief on appeal, or to identify any specific aspects of the Commissioner's determination that lacks support in the record." *Hollon*, 447 F.3d at 490-91.

Notwithstanding the imprecise nature of Buell's argument, as outlined above, a review of the evidence of record demonstrates that the ALJ's decision is supported by substantial evidence. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also Rogers*, 486 F.3d 241; *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("[F]indings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). Having reviewed the entire record of this matter, the Court finds no error with the ALJ's assessment and analysis of the evidence of record or her determination that Buell is not disabled as defined by the Act.

### III. CONCLUSION

Accordingly, and the Court being sufficient advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 18) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 19) is **GRANTED**;

(3) **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 18th day of December, 2014.

Signed By:
Hanly A. Ingram
United States Magistrate Judge